IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADDIE R. M., | ) |
| | ) No. 21 C 5200 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Addie R. M. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On July 19, 2019, plaintiff applied for benefits, alleging an amended disability onset date of January 1, 2018. (R. 40.) Her application was denied initially, on reconsideration, and after a hearing. (R. 39, 63, 67-74.) Plaintiff appealed to the Appeals Council, which declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "'[W]hatever the meaning of 'substantial' in other contexts,

the threshold for such evidentiary sufficiency is not high.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the first quarter of 2019. (R. 69.) At step two, the ALJ found that plaintiff has the severe impairments of chronic heart failure, atrial fibrillation, obstructive sleep apnea, hypertension, lumbar degenerative disc disease, and obesity. (R. 70.) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work as a pharmacy tech or in fast food services, and thus is not disabled. (R. 70-74.)

Plaintiff argues that the ALJ's failure to determine whether her vertigo is a medically determinable impairment was error. The record shows that plaintiff was diagnosed with vertigo

in an emergency room on February 13, 2020 after becoming dizzy and falling in the shower. (*See* R. 808-20.) However, it does not show that any tests were performed before that diagnosis was made or contain any other objective medical evidence that supports it. (*Id.*) Absent such evidence, plaintiff's vertigo diagnosis is not a medically determinable impairment. *See* 20 C.F.R. § 404.1521 (stating that medically determinable impairments "result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, [such impairments] must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)"). Accordingly, the ALJ's failure to address vertigo at step 2 and beyond was not error.

Plaintiff also argues that the ALJ should have obtained testimony from a medical expert after plaintiff told him she could not get opinions from her own doctor because his office was closed because of COVID. The record shows that at the hearing on January 7, 2021, plaintiff's counsel told the ALJ he had been unable to get written opinions from plaintiff's doctor and, without them, counsel said, the ALJ "might need to ask a medical expert." (R. 16.) At plaintiff's counsel's request, the ALJ left the record open for twenty-eight days after the hearing for him to submit additional evidence. (*Id.*) Thereafter, in response to plaintiff's requests for extensions, the ALJ gave her until March 1, 2021 to submit additional evidence or request another extension for good cause. (R. 237-39.) On March 16, 2021, the ALJ sent a letter to counsel, which states:

> I held the record open subsequent to the hearing for the above-referenced claimant so that you could submit additional evidence. You neither submitted such evidence nor sent a request for more time.

> If you do not send the evidence, request additional time, or satisfactorily explain why you cannot submit the requested evidence, within 10 days of the date of this letter, I will make my decision based on the available evidence.

(R. 240.) Counsel did not respond to this letter, and on April 13, 2021, the ALJ issued his decision. (R. 67-74.)

Plaintiff argues that the ALJ's failure to obtain opinions from her treating physician or a medical expert breached his "duty to develop a full and fair record." *Martin v. Astrue*, 345 F. App'x 197, 201 (7th Cir. 2009) (quotation omitted). The Court disagrees:

> Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation. *See Branum*, 385 F.3d at 1271-72 (concluding that the ALJ satisfactorily developed the record when the claimant's "counsel did not indicate or suggest to the ALJ that any medical records were missing from the administrative record, nor did counsel ask for the ALJ's assistance in obtaining any additional medical records"). To do so would contravene the principle that the ALJ is not required to act as the claimant's advocate in order to meet his duty to develop the record.

*Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008); *Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005) ("Although the ALJ did not contact or obtain records from Dr. Arena, a treating physician whom Jordan mentioned at his hearing: [i] Jordan's counsel volunteered to secure Dr. Arena's records; [ii] the ALJ kept the record open to allow counsel to do so, and later contacted counsel to remind him that no evidence had been received and that a decision would be made on the existing record unless such evidence was timely submitted; [iii] counsel subsequently contacted the Social Security Administration to advise it that Jordan had "nothing further to add" to the record; and [iv] Jordan did not request the ALJ's assistance in contacting or securing evidence from Dr. Arena. Under these circumstances, we cannot say that the ALJ failed to discharge his duty to develop the record."); *Clarke v. Comm'r of Soc. Sec.*, No. 19-CV-7213 (BCM), 2021 WL 2481909, at *14 (S.D.N.Y. June 16, 2021) ("Where the ALJ does have an obligation to further develop the record, and where (as here) the claimant is represented, 'the ALJ may satisfy the duty to develop the record by relying on the claimant's counsel to obtain

4

additional medical documentation.' *Myers ex rel. C.N. v. Astrue*, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012); *see also Jordan v. Commissioner of Social Security*, 142 Fed. App'x 542, 543 (2d Cir. Sept. 8, 2005) (summary order) (ALJ 'fulfilled his duty to develop the administrative record' where plaintiff's counsel volunteered to secure missing records from treating physician; ALJ held the record open to allow him to do so; and counsel never asked for further assistance from ALJ); *Rivera v. Commissioner of Social Sec.*, 728 F. Supp. 2d 297, 330 (S.D.N.Y. 2010) (ALJ's 'request that plaintiff's attorney obtain the recent treatment records from Lincoln Hospital fulfilled his obligations with regard to developing the record'); *Martin v. Saul*, 2020 WL 5096057, at *4 (W.D.N.Y. Aug. 28, 2020) ('the ALJ fulfilled her duty to develop the record by holding the record open after the hearing to permit the submission of additional evidence'); *Pagan v. Astrue*, 2012 WL 2206886, at *8 (N.D.N.Y. June 14, 2012) (ALJ satisfied his duty to develop the record by granting counsel additional time to obtain evidence and an opportunity to request a further extension).") As in these cases, the ALJ here fulfilled his duty to develop the record.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [15], denies plaintiff's motion for summary judgment [10], and terminates this case.

**SO ORDERED.**                    **ENTERED:  September 28, 2022**

**M. David Weisman**
**United States Magistrate Judge**